Filed 1/11/24  P. v. Mendoza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098757 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20230003720) |
| v. | |
| FREDERICO ALBERTO MENDOZA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Frederico Alberto Mendoza filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

1

## BACKGROUND

In March 2023, defendant was charged with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[1] count 1), elder abuse (§ 368, subd. (b)(1); count 2), and resisting, obstructing, or delaying an officer (§ 148, subd. (a)(1); count 3). As to count 1, the complaint alleged a strike prior (§§ 667, subd. (d), 1170.12, subd. (b)) and multiple factors in aggravation (Cal. Rules of Court, rules 4.421(b)(2), (b)(3) & (b)(4)).

In April 2023, defendant pleaded no contest to the firearm possession charge alleged in count 1. The prosecuting attorney read the allegations in count 1 of the complaint, including the aggravating factors, as the factual basis for the plea. Defense counsel agreed that the aggravating factors set forth in California Rules of Court, rule 4.421(b)(3) (defendant served a prior prison term) and rule 4.421(b)(4) (defendant was on probation at the time of the crime) justified imposition of the upper term on the firearm possession charge.

The trial court accepted defendant's plea. The court sentenced defendant to the upper term of three years in state prison and imposed a restitution fine of $300 under section 1202.4, plus an additional court assessment of $40 under section 1465.8 and conviction assessment of $30 under Government Code section 70373. The court also imposed and suspended a $300 parole revocation fine under section 1202.45. Defendant received 46 days of custody credit consisting of 23 days actual custody and 23 days local conduct credit. The court issued a protective order that defendant shall not annoy, harass, threaten, or strike the victim.

The trial court granted the prosecution's motion to dismiss the remaining counts in the interest of justice and struck the strike prior and factors in aggravation as alleged.

---

[1]     Undesignated statutory references are to the Penal Code.

Defendant filed a timely notice of appeal. Defendant requested a certificate of probable cause, which the trial court denied.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.


  /s/
Ashworth, J.*


We concur:


  /s/
Hull, Acting P. J.


  /s/
Renner, J.

---

\*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3